We'll hear argument now in the case of United States v. Porter. Ms. Sostok. Ms. Sostok, this time I want to begin where I concluded the last time. Where do we find the district judge's ruling on the motion to sever? The motion to sever. I made the same mistake, Your Honor, and I apologize. No, it's a different mistake. The district judge wrote a five-page written order on the motion to sever. And I did. It was issued on January 13, 2022, and it's missing from your appendix. And yet you certified compliance with Circuit Rule 30. You can't say, well, I didn't know we're supposed to submit transcript pages. This was a standard written order, and it's missing. Yes, that's my error. I think my understanding of the rule was for, like, rulings at the end of trial. I think I completely just misunderstood the rule. That is Rule 30A. Rule 30B is the one that requires earlier rulings. You have to read the whole rule before you certify compliance with it. You should proceed. So, with regards to Mr. Porter, the issue here is whether or not the government presented enough evidence to show that Mr. Porter was the one who actually committed the robberies on the November and December 2020 dates, when the only proof that they have is that Mr. Porter's vehicle was the one present at the robberies and was involved in the robberies. So, essentially, the issue here is whether or not that is sufficient evidence to identify Mr. Porter himself as an individual who was driving the car and committed the robberies, when we don't have any substantive physical description of the person who committed these robberies. The only person who actually identified Mr. Porter as the person who committed this offense was Agent Hansen, and he obviously was not present there. Four or five witnesses testified at trial, and yet they were not able to identify Mr. Porter as the person who committed these robberies. And even assuming that Mr. Porter's silver SUV is the exact one that was seen there, that there is no further evidence that Mr. Porter was that person in the vehicle. We have a black man of fairly average build and size who committed these robberies, and I do not think that we can infer that Mr. Porter was this specific black man. And for those reasons, I believe that those two convictions were not proven beyond a reasonable doubt. And then with respect to Severance, actually, I just want to make one additional point with respect to the reasonable doubt argument, which is that the government tries to argue in their brief numerous times about the fact that the third robbery conviction should have been very convincing for the jury and for this court to find Mr. Porter guilty of the other two robberies. And the jury was instructed the exact opposite, and I do not think that it is appropriate for either the jury or this even modus operandi because the government did not instruct the jury that they could consider the third robbery as something that shows evidence that he may have committed the other robberies. In fact, the court- When the jury was instructed, they had to consider each count separately. Correct. What precludes the government from arguing that all three of these are very similar robberies? You consider them separately. We're not saying find them guilty on Bank Robbery 1 and Bank Robbery 2 just because you find them guilty on Bank Robbery 3, but the modus operandi is the same. So the jury was instructed to consider the evidence of each offense separately, and I think telling the jury to consider the evidence of the third offense and how strong it was to determine whether or not he committed the first two robberies is contradictory to that. But again, it's not saying just because you find he committed this offense, you should find that he committed. The argument was look at all of the similarities in these robberies that goes to modus operandi, which is a proper argument. I agree that that would be a proper argument if they had made it at the trial level. They did not specifically argue, nor was it presented to the jury, that this evidence should be considered for modus operandi. What if the jury considered the evidence along the lines that Judge St. Eve is describing? The arguments of the parties aren't evidence.  So if the jury thought about the evidence as Judge St. Eve is describing, would that have been unlawful? I think it would have been unlawful in the circumstances of the instructions that the jury was given in this case, yeah. And that's another reason I do think that Mr. Porter was prejudiced by having all these three charges tied together because it gave the opportunity to the jury to not consider the evidence for each offense separately. And it gave the opportunity for the jury to say, well, there's ample evidence Mr. Porter committed this third robbery. So of course he committed the other two. I mean, that is the whole reason that we exclude evidence that shows the tendency of someone to commit the same crime over and over again. There's a reason that we generally exclude that evidence. It's prejudicial. Well, it's not as if the government is making up the evidence out of thin air, the evidence on the first two robberies. I mean, there's a masked man robbing two banks of generally similar physical profile who was driving the exact same getaway car that is found in robbery three. I mean, there's quite a bit that ties all this together. Your Honor, I agree, but I do think that that jury instruction precludes the jury from being able to say, he was driving the car after the third robbery, so he must have been driving the car in the first robbery. Because the evidence for each crime was supposed to be considered separately. Now, I know some of that automatically overlaps, like the tracking of the vehicle on the highway and just showing that this vehicle was the same vehicle. But in saying that he was the one who had to have been driving the vehicle on these other dates just because he was driving it months later is not, I do not, I think that's prejudicial to Mr. Porter, and that is part of the reason I think the motion to sever was, that we argued the motion to sever was incorrectly. Wasn't the vehicle in his name? It was, yes. And that's why I started up here saying that even if we assume the vehicle was his, there's not enough evidence that he was the individual that was driving that vehicle on either of those two days. There's no evidence when they were tracking the vehicle who was driving it. They never saw Mr. Porter get in or out of the vehicle until he was arrested after the third robbery. And if the court doesn't have any more questions, I will leave it on that. Certainly, counsel. Thank you. Mr. Peabody. Your Honors, and may it please the Court, Tom Peabody for the United States. There was ample evidence to find the defendant guilty on counts one through three. The question before the jury was a simple one. Beyond a reasonable doubt, did the defendant commit each bank robbery or, by some other means, by some chance, did someone else commit the first two with defendant's car using his M.O. and his appearance? The jury was correct and well within its purview to conclude that the defendant committed each crime. Respectfully, the defendant is wrong to think that the jury could not consider the overlapping evidence of his identity and his modus operandi across the counts. And, again, with respect, my colleague is wrong to think that we didn't argue that way in closing. I remember doing so very specifically in rebuttal. The jury, correctly, was forbidden from making propensity inferences. It was told to evaluate each count separately, but it could well consider, and here properly consider, evidence of defendant's identity and M.O. in reaching its decision. Turning to joinder and severance, as an initial matter, unless there are questions on sufficiency, I'd turn briefly to joinder and severance. Our position, of course, is that these arguments have been forfeited, and the initial Rule 8 and Rule 14 motions were different than the ones on appeal. The defendant sought to sever the first count from the latter two robberies. Here, of course, it's the first two from the last. It is also waived in that the defendant failed to re-raise the challenge at the close of evidence. Mr. Peabody, would you respond to Mr. Porter's argument in the reply brief that we shouldn't find waiver given the failure to renew the severance motion, given kind of the unique and fast-paced way this closed? Of course, Judge St. Eve. It was a little unique. It was not that fast-paced. So I think in the evening of the 26th or in the afternoon, the government arrested. And at that point, we had Rule 29 discussions, and the judge ruled. We were to come back in the morning, I think, conclude a few other matters, and then do closings. The morning of May 27th, 2022, I believe we started the morning with the defendant professing concerns about his representation. And there was a long, with the jury out of the room, there was a long back and forth about it, at which point it was concluded that, okay, we can call the case agent again and allow defense to ask a few more questions. I say that to say it certainly doesn't excuse. When everyone went home on the 26th, the government had rested. There was ample opportunity for the defendant to make the motion, should he wish. And then he actually got a second opportunity after TFO Hanson got back down off the stand again. I understand. The district judge is, I will respectfully say, quip. That's quoted in my colleague's brief. But if anything, Judge, I think it's the opposite. There were two opportunities here for the defense to re-raise the issue, and he chose not to. And I also understood from the reply and argument that despite this court's decisions as recently as Baldwin last year, that this is really forfeiture, not waiver. I will say that this court has recognized, and admittedly, it's not a case I cite in my brief, but Rollins, which is cited within Cardina, which we do cite, explains why it should be considered waiver, not forfeiture. And that is that defendants may well feel the strategic impulse, having just sat through a trial, to get their verdict rather than at the end of the trial put their hand up and volunteer for another one. But that is a tremendous waste of judicial resources, and that's why we have the waiver rule we do. So unless there are any further questions from the court, we would ask that you affirm the defendant's convictions. Thank you very much, Mr. Peabody. Ms. Sostok, anything further? Okay, thank you very much. The case is taken under advisement.